UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| v. : | Criminal No. 3:03CR173(SRU) |
| JAVIER ECHEVERRI, : <br> a/k/a "EL MONO" | |

GOVERNMENT'S SUPPLEMENTAL POSITION ON SENTENCING

The United States of America, by and through the undersigned Assistant United States Attorney, hereby submits this supplemental memorandum stating its position on the appropriate sentence in this matter.

I.   PROCEDURAL BACKGROUND

On May 29, 2003, defendant was arrested and charged by criminal complaint with conspiring to distribute one kilogram or more of heroin, in violation of Title 21, United States Code, Section 846 and 841(b)(1)(A)(i).  On June 11, 2003, defendant was indicted by a federal grand jury on those same charges.

On May 28, 2004, the court held a hearing on the government's motion to preclude the defendant from asserting a duress defense at trial.  At the conclusion of the hearing, the court ruled that the defendant's proposed defense would fail as a matter of law.  On June 10, 2004, defendant entered a conditional guilty plea to Count One, reserving his right to appeal the court's ruling with regard to his duress defense.

Sentencing was initially scheduled for July 27, 2004.  On July 20th and again on the morning of July 27th, defendant met with the government in an attempt to qualify for the "safety valve."  At the conclusion of the "safety valve" proffer, the government advised defense counsel that the

government was of the view that the defendant did not qualify for the "safety valve." Moments before the sentencing hearing was to commence, the Court granted a joint motion to continue the hearing to permit the defendant to provide additional information to the government, which was represented to be materially different information than previously provided during the "safety valve" proffers.

Thereafter, on July 29, 2004, defendant provided a detailed statement to the government regarding his involvement in the offense. Defendant acknowledged that he knowingly and willfully participated in the conspiracy involving the distribution of one kilogram of heroin, and that he was not in any way coerced into committing this crime. Defendant further acknowledged that he did receive a telephone call at his home, suggesting that he not cooperate with the government and that this call frightened both he and his wife, but that this call came after he was arrested, and obviously played no role in his commission of the offense.

II.   FACTS

The relevant facts in this case were previously submitted in the government's initial memorandum in aid of sentencing, filed on July 26, 2004.

III.   POSITION ON SENTENCING

A.   Drug Quantity

As stated in the government's initial memorandum, the quantity of heroin attributable to the defendant is one kilogram. Defendant was charged with conspiring to distribute one kilogram or more of heroin, and that is the charge to which he pleaded guilty.

### B. Defendant is Not Entitled to a Role Reduction

Defendant initially argued that he was entitled to four-level minimal role reduction because he committed the underlying offense under duress. Since defendant now admits that the duress defense was a complete fabrication, the defendant's argument regarding role is no longer applicable. Thus, defendant should not receive a role reduction.

### C. Defendant Should Receive a Two-level Upward Adjustment for Obstruction of Justice

The government submits that the defendant should receive a two-level upward adjustment for obstruction of justice. See U.S.S.G. § 3C1.1 and application Note 4(b), (f), (g) and (h). Indeed, defendant concedes that he lied during the hearing on his proposed duress defense, lied to the government in his initial "safety valve" interview, and lied to probation about his role in the offense. Plainly, the defendant obstructed justice and should receive this enhancement.

### D. Defendant Should Receive a Safety Valve Reduction

Because defendant provided a truthful statement regarding his participation in the offense conduct before the time of sentencing, and because he is otherwise qualified, the government agrees that the defendant should receive the benefits of the "safety valve."
heroin.

### E. Defendant is Entitled to a Three-Level Reduction For Acceptance of Responsibility

Since the defendant has finally provided a truthful statement to the government regarding his participation in the offense, the government agrees that he is entitled to a three-level reduction for acceptance of responsibility.

Although U.S.S.G. § 3E1.1, application note 4 states that conduct resulting in an

3

enhancement under 3C1.1 (obstruction of justice) ordinarily indicates that the defendant has not accepted responsibility, the government nevertheless believes the reduction is appropriate in this case. Because the defendant's conduct in accepting responsibility occurred after his obstruction of justice, the government submits it would not be inappropriate to determine that both the reduction and enhancement should apply in this case.

      F.      <u>Defendant is Not Entitled to a Departure Based Upon Alleged Duress</u>

As stated above, defendant now admits that his duress defense was a complete fabrication. Thus, there is no basis for depart on this ground.

## CONCLUSION

Based upon the arguments set forth above, the defendant's sentencing guidelines range should be 87 to 108 months. The base offense level is 32. Two levels are added for obstruction of justice, bringing the adjusted offense level to 34. Subtracting two points for safety valve and three points for acceptance of responsibility brings the total offense level to 29. With a criminal history category of I, the guidelines range becomes 87 to 108 months imprisonment. The government respectfully submits that a guidelines sentence is appropriate in this case.

Respectfully submitted,

KEVIN J. O'CONNOR
UNITED STATES ATTORNEY

  /s/
MARK D. RUBINO
ASSISTANT UNITED STATES ATTORNEY
157 Church Street
New Haven, Connecticut 06510
Tel. (203) 821-3828
Federal Bar No. CT03496

## **CERTIFICATION OF SERVICE**

       This is to certify that the foregoing has been sent via U.S. mail this 25th day of March, 2005, to:

Robert Sullivan, Esq.
190 Main Street
Westport, CT 06880

Keith Barry
U.S. Probation
Bridgeport, CT

                                    /s/
                              MARK D. RUBINO
                              ASSISTANT UNITED STATES ATTORNEY