UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---------------------------------------------- :
                                               :
UNITED STATES OF AMERICA            :   No. 3:03 CR 173 (SRU)
                                               :
                                               :
v.                                             :
                                               :
JAVIER ECHEVERRI                     :   March 28, 2005
                                               :
---------------------------------------------- :

**DEFENDANT JAVIER ECHEVERRI'S AMENDED
MEMORANDUM IN AID OF SENTENCING**

**SUMMARY OF ARGUMENT**

As is more particularly developed below, defendant Echeverri is not subject to the mandatory 10-year minimum, as his conduct produced the delivery of only 975 grams. Mr. Echeverri is also eligible for the Safety Valve. He is eligible for a role adjustment and Acceptance of Responsibility.

**I.   DEFENDANT ECHEVERRI IS NOT SUBJECT TO A MANDATORY MINIMUM TEN-YEAR SENTENCE.**

    A.   <u>The Quantity Attributable to Defendant Echeverri Does Not Expose Him to a Mandatory Minimum 10-Year Sentence.</u>

        i.   The quantity attributable to Defendant Echeverri by the Federal Sentencing Guidelines is 975 grams.

Application Note 12 to U.S.S.G. § 2D1.1 reads, in relevant part:

In an offense involving an agreement to sell a controlled substance, the agreed-upon quantity of the controlled substance shall be used to determine the offense level ***unless*** the sale is completed and the amount delivered more accurately reflects the scale of the offense. For example, a defendant agrees to sell 500 grams of cocaine, the transaction is completed by the delivery of the controlled substance--actually 480 grams of cocaine, and no further delivery is scheduled. In this example, the amount delivered more accurately reflects the scale of the offense.  Emphasis Added.

Mr. Echeverri's circumstances are identical to this example. Only 975 grams were delivered. That is the quantity for which Mr. Echeverri is to be sentenced.

Attached hereto as Exhibit A is a copy of a letter from AUSA Mark Rubino transmitting DEA reports which confirm that only 975 grams were delivered.

Defendant Echeverri can only be sentenced for the delivery of the 975 grams.

> ii.  The law of conspiracy mandates the same result as that provided by the Guidelines.

In 1993, the U.S. Court of Appeals for the Second Circuit in <u>U.S. v. Martinez</u>, 987 F.2d 920, ruled that attribution for Guidelines purposes and mandatory minimum purposes are the same. Following are excerpts of the court's discussion:

> The government points out that § 846 states that a defendant guilty of conspiracy should be sentenced as if he were in possession of the amounts that were the object of the conspiracy. Under the government's literal interpretation, Ortiz is responsible for all five kilograms, since the instant conspiracy charged includes the four kilograms sold by Martinez before the sale by Ortiz. Therefore, according to the government, Ortiz's lack of knowledge as to the quantity of narcotics sold by Martinez is irrelevant. We disagree.
>
> The government misinterprets the meaning of 21 U.S.C. § 846, which is meant to ensure that a defendant convicted of possession of a certain amount and conspiracy to possess that certain amount of narcotics can be sentenced to equal punishment on either count. Section 846 does not subject the defendant to liability for any crimes committed by any other members of the conspiracy, regardless of the defendant's knowledge about those crimes. To allow the government's interpretation would be to expand dangerously the scope of conspiratorial culpability.
>
> Only one Circuit has addressed this issue, and that court ruled against the government's argument. <u>United States v. Jones</u>, 965 F.2d 1507, 1516-17 (8th Cir.), *cert. denied,* 506 U.S. 924, 113 S.Ct. 346, 121 L.Ed.2d 261 (1992).
>
> ...
>
> The Eighth Circuit held that the same standards governing the sentencing under the Guidelines should apply to the statutory minimums of § 841(b). <u>Jones</u>, 965 F.2d at 1517.
>
> ...

However, the Court did not explain why it was adopting the Guidelines' standard of culpability for the § 846 statutory minimums. In fact, there are several bases for extending the standard to § 846.

A review of the legislative history of 21 U.S.C. § 846 reveals that the intent of Congress in enacting that section was to ensure that a defendant who is charged with only conspiracy not be in a better position for sentencing than one who is charged solely with possession of the same amount of narcotics. This reflects the philosophy of Congress that the large-scale drug conspiracies are a more significant threat to society than the activities of individual drug dealers. To sentence the individual drug dealer who is caught holding narcotics to a greater sentence than the large-scale conspirator who never physically touches the narcotics would defeat the aims of law enforcement.

Before Congress amended § 846 in 1988, the section was construed under the rule of Bifulco v. United States, 447 U.S. 381, 100 S.Ct. 2247, 65 L.Ed.2d 205 (1980). The Supreme Court held in Bifulco that § 846 did not incorporate a special parole term because the statute did not expressly require one. See also United States v. Moon, 926 F.2d 204, 210 (2d Cir.1991). This led to the anomaly of having minimum sentences for base offenses, but not for conspiracies to commit base offenses. In the context of large-scale drug trafficking, this meant that lower level drug dealers would conceivably be subject to stiffer penalties than the higher echelon ringleaders. See, e.g., United States v. Campbell, 704 F.Supp. 661, 663-64 (E.D.Va.1989).

Congress responded to this by amending § 846 to include the "shall be subject to the same penalties as those prescribed for the offense" language. 21 U.S.C. § 846. The only published legislative history on this amendment came from Senator Joseph Biden:

> Section 6470(a) amends 21 U.S.C. 846 and 963 to assure that all the penalties applicable to an underlying drug offense also apply to an attempt or conspiracy to commit the offense.... By striking the "may not exceed" language and replacing it with the phrase "shall be subject to the same penalties", Congress would make clear that any penalty that may be imposed for a substantive drug offense may be imposed for an attempt or conspiracy to commit that offense.

134 Cong.Rec. S17,260-02 (daily ed. November 10, 1988) (statement of Sen. Biden). This statement strongly suggests that the purpose of § 846 as amended was to synchronize the penalties for conspiracies and their underlying offenses.

Most importantly, there is nothing in the legislative history to indicate that Congress intended the revision to expand the accountability of defendants *beyond* their substantive offenses.

–3–

...

> If the government's argument were to prevail, § 846 would effectively eviscerate the Guideline's approach to fixing accountability in drug conspiracies.
> <u>Martinez</u>, pp. 924 through 925.

The Guidelines make clear that defendant Echeverri, who only secured the delivery of 975 grams, is accountable for only that amount.

    B.    <u>Defendant Echeverri Is Entitled to the Benefits Provided by the Safety Valve.</u>

On July 20 and 27, 2004, Defendant met with the government agents and the attorney for the government, fully responding to all questions put to him with respect to the subject offense. In accordance with 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2. Mr. Echeverri is entitled to the safety valve, which provides a two-level reduction in addition to permit sentencing below any mandatory minimum.

## II. DEFENDANT ECHEVERRI IS ENTITLED TO A FOUR-POINT REDUCTION FOR HIS MINIMAL ROLE IN THE OFFENSE.

U.S.S.G. § 3B1.2 provides for an adjustment for those whose role in the offense is less than that of others. In this case, Mr. Echeverri was a mere conduit. His responsibility was to introduce Vanessa to Nunez and Baez. It is they who were ready, willing and able to execute a narcotics transaction. It was only after they were intercepted by the DEA that Mr. Echeverri was drawn back into the discussions - by the DEA - who attempted to trick him into traveling to collect the money. The begging and pleading of Mr. Echeverri captured on tape depict a person so unfamiliar with and inept at this business (indeed, he is apologizing for being insensitive to this drug customer who is not paying for the delivered product) that he cannot be construed as anything other than a minimal participant. His offense level should be reduced by 4 levels.

This adjustment also results in a cap of 30 on his base offense level.

LAW OFFICES OF ROBERT SULLIVAN 190 Main Street Westport, CT 06880 Tel. 203/227-1404 Juris No. 405837 Federal Bar No.CT08969

**III.  DEFENDANT ECHEVERRI IS ENTITLED TO A THREE-POINT REDUCTION FOR ACCEPTANCE OF RESPONSIBILITY.**

Defendant Echeverri respectfully requests that the court award a three-point reduction for Acceptance of Responsibility. The government has recommended a two-point reduction. It has not recommended the extra point which is available under U.S.S.G. §3E1.1.

On April 30, 2003 U.S.S.G. §3E1.1 was amended to require the filing of a motion by the government before the additional point can be awarded. The conduct for which defendant Echeverri is to be sentenced, however, was completed before that amendment went into effect. Mr. Echeverri is, therefore, entitled to the three points contemplated by the Guideline in effect at the time of the offense.

Application Note 2 reads, in its entirety:

> This adjustment is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and empresses remorse. Conviction by trial, however, does not automatically preclude a defendant from consideration for such a reduction. In rare situations a defendant may clearly demonstrate an acceptance of responsibility for his criminal conduct even though he exercises his constitutional right to a trial. This may occur, for example, where a defendant goes to trial to assert and preserve issues that do not relate to factual guilt (e.g., to make a constitutional challenge to a statute or a challenge to the applicability of a statute to his conduct). In each such instance, however, a determination that a defendant has accepted responsibility will be based primarily upon pre-trial statements and conduct.

Upon arrest defendant Echeverri acknowledged involvement in the subject transaction. Under all circumstances to be considered by the court, Defendant Echeverri should be found eligible for all three points for Acceptance of Responsibility.

**IV.  THE GUIDELINES ARE NO LONGER MANDATORY**

The United States Supreme Court ruled in United States v. Booker, 125 S. Ct. 738 (2005) that, in sentencing, court is not bound by the Sentencing Guidelines. While the

−5−

court is to *consider* the guidelines (<u>United States v. Crosby</u>, 397 F 3d 103 (2d Cir., 2005)) <u>Booker</u> and <u>Crosby</u> make clear that the guidelines are not mandatory.

The court should not, therefore, refrain from exercising its own independent judgment in imposing an appropriate sentence.

**V.     DEFENDANT ECHEVERRI SHOULD BE CONSIDERED FOR THE 500 HOUR TREATMENT PROGRAM AND/OR ANY BOOT CAMP OR SIMILAR PROGRAM.**

Defendant Echeverri, based upon the findings set forth in the PSR (in particular, paragraph 36) requests that he be recommended by the court for participation in the 500 hour rehabilitation program.

Defendant Echeverri wishes the court to know that he is prepared to take any and all steps available to him which will improve him, personally, and will shorten his sentence.

**VI.     DEFENDANT ECHEVERRI'S GUIDELINE CALCULATION**:

| | | |
|---|---|---|
| 975 grams heroin | 30 | |
| Acceptance of Responsibility | 3 | |
| Safety Valve | 2 | |
| Minimal Role | 4 | 9 |
| Offense Level | | 21 |

Respectfully submitted,

DEFENDANT JAVIER ECHEVERRI

By_____
Robert J. Sullivan, Jr.
LAW OFFICES OF ROBERT SULLIVAN
190 Main Street
Westport, Connecticut 06880
Tel. No. 203/227-1404
Federal Bar No. CT08969

**CERTIFICATION**

    This is to certify that a copy hereof was mailed on March 28, 2005 to the following:

Mark D. Rubino, AUSA
157 Church St.
New Haven, CT 06510

U.S. Office of Probation
915 Lafayette Blvd.
Bridgeport, CT 06604

 

_____
Robert J. Sullivan, Jr.

–7–