**MANDATE**

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at Foley Square, in the City of New York, on the 13th day of March, two thousand and six.

PRESENT:

    Hon. John M. Walker, Jr.,
        _Chief Judge_,
    Hon. Richard J. Cardamone,
    Hon. Sonia Sotomayor,
        _Circuit Judges_.

[SEAL: UNITED STATES COURT OF APPEALS FILED MAR 13 2006 Roseann B. MacKechnie, CLERK SECOND CIRCUIT]

-------------------------------------------------X

UNITED STATES OF AMERICA,

        Appellee,

    - v. -                            No. 05-1841-cr

JAVIER ECHEVERRI, also known as El Mono,

        Defendant-Appellant.

-------------------------------------------------X

APPEARING FOR APPELLANT:    ROBERT J. SULLIVAN, JR., Westport, Connecticut.

APPEARING FOR APPELLEE:    EDWARD KANG, Assistant United States Attorney (Kevin J. O'Connor, United States Attorney for the

1

MANDATE ISSUED: 4-6-06

District of Connecticut, William J. Nardini and Mark D. Rubino, Assistant United States Attorneys, on the brief), New Haven, Connecticut.

Appeal from the United States District Court for the District of Connecticut (Stefan R. Underhill, Judge).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be and it hereby is AFFIRMED.

Defendant-appellant Javier Echeverri (also known as "El Mono") appeals from an April 6, 2005, judgment of the United States District Court for the District of Connecticut (Stefan R. Underhill, Judge) convicting him, following his guilty plea, of conspiracy to possess with the intent to distribute one kilogram or more of heroin in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(i). The district court sentenced Echeverri to 97 months' imprisonment, to be followed by five years' supervised release, and imposed a special assessment of $100.00.

On appeal, Echeverri argues that, even though he pleaded guilty to conspiracy to possess with the intent to distribute one kilogram or more of heroin, he should have been sentenced for distributing a lesser quantity of heroin, 975 grams, because that is the amount that was actually delivered during the transaction that he helped to arrange. Specifically, Echeverri argues that the district court erred in attributing to him one kilogram of heroin because (1) under U.S. Sentencing Guidelines Manual § 2D1.1, Application Note 12, he should have been sentenced based on the amount delivered, not the amount agreed-upon; (2) it was neither foreseeable nor within the scope of the conspiracy that, after the transaction that Echeverri helped to arrange, the purchasers would add "cut" sufficient to produce a full kilogram of heroin; and (3) the district court applied a relaxed fact-finding standard. We assume the parties' familiarity with the facts and the procedural history of the case.

We review a district court's sentencing decisions for reasonableness. United States v. Booker, 543 U.S. 220, 260-61 (2005); United States v. Crosby, 397 F.3d 103, 114-115 (2d Cir. 2005). Reasonableness review has two components: (1) procedural reasonableness, whereby we consider such factors as whether the district court properly (a) identified the Guidelines range supported by the facts found by the court, (b) treated the Guidelines as advisory, and (c) considered the Guidelines together with the other factors outlined in 18 U.S.C. § 3553(a);

and (2) substantive reasonableness, whereby we consider whether the length of the sentence is reasonable in light of the factors outlined in 18 U.S.C. § 3553(a). Crosby, 397 F.3d at 114-15. We review a district court's interpretation of the Sentencing Guidelines de novo, United States v. Adler, 52 F.3d 20, 21 (2d Cir. 1995) (per curiam); evaluate its findings of fact under the clearly erroneous standard, United States v. Selioutsky, 409 F.3d 114, 119 (2d Cir. 2005); and give due deference to the district court's application of the Guidelines to the facts, id.

We easily dispense with Echeverri's argument that, under Guideline § 2D1.1, Application Note 12, the district court erred in attributing to him the agreed-upon quantity of heroin (one kilogram), rather than the amount that was actually delivered (975 grams). Echeverri contacted Nuñez to see if Nuñez could sell a kilogram of heroin; some time thereafter, Echeverri agreed to provide Nuñez with a full kilogram of heroin; Echeverri arranged for Nuñez and Baez to pick up one kilogram of heroin from Vanessa in exchange for $58,000, which is consistent with the cost for a full kilogram of heroin; Nuñez and Baez paid $10,000 up front (for what they believed was a full kilogram of heroin) and agreed to provide the balance of $48,000 after they sold the heroin to a third party; and Echeverri understood that he would not be paid in full until Nuñez and Baez sold a kilogram of heroin to a third party. Under these circumstances, we cannot say that the amount delivered "more accurately reflect[ed] the scale of the offense." U.S.S.G. § 2D1.1 app. n.12. Accordingly, the district court did not err when it sentenced Echeverri based on the agreed-upon amount of one kilogram.

The district court also did not err when it attributed to Echeverri the "cut" that Nuñez and Baez subsequently added to the heroin to produce a quantity in excess of one kilogram. The district court found, based on the facts outlined above, that (1) the scope of the conspiracy included Nuñez and Baez's resale of a full kilogram of heroin to a third party and (2) it was reasonably foreseeable that Nuñez and Baez would "do what is necessary to sell a kilogram to the ultimate buyer." These findings are not clearly erroneous.

Finally, we reject Echeverri's argument that the district court proceeded under a relaxed fact-finding standard. After carefully considering the evidence before it, including Echeverri's arguments about quantity attribution, the district court made particularized findings regarding the scope of the conspiracy and the reasonable foreseeability of the coconspirators' conduct.

We have considered Echeverri's other arguments and find them to be without merit.

1	Accordingly, and for the foregoing reasons, the judgment of
2	the district court is hereby **AFFIRMED**.

		FOR THE COURT:
		Roseann B. MacKechnie, Clerk

		By: *Lucille Carr*
		Lucille Carr, Deputy Clerk

A TRUE COPY
Roseann B. MacKechnie, CLERK
by _____
DEPUTY CLERK